**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 25 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**DOMENIQUE TAYLOR**

Plaintiff,

**V.**

**MAUMELLE POLICE DEPT. ET., AL**
**ANDREW THORNTON ET. AL (official capacity/individual)**
**CITY OF MAUMELLE**
**COUNTY OF PULASKI**
**STATE OF ARKANSAS**

Defendant. (s)

**Case No.** 4:26cv881-LPR

**VENUE & SUBJECT MATTER JURISDICTION**

This claim arises under the United States Constitution, specifically under the First, Fourth, Fifth and Fourteenth Amendments, and under law, including the **Civil Rights Act of 1871**, pursuant to **42 U.S.C. § 1983** and **42 U.S.C. § 12132; 28 C.F.R. § 35.130(a)**. anti-discrimination provisions of **Title II of the Americans with Disabilities Act (ADA)**

**PLAINTIFF**

Comes now, the PLAINTIFF **DOMENIQUE TAYLOR** & PLAINTIFF brings this suit Informa pauperis under Ark. R. Civ. P. 72. At all relevant times, **DOMENIQUE D. TAYLOR**, is classified as person with disabilities under the Social Security Act, said disability being bipolar disorder & PTSD and has lasted for a continuous period of more than 12 months.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

**DEFENDANT (S)**

On November 18 ,2023, & August 3, 2024, and at all relevant times, Defendant **THORNTON & ET AL**, were trained in **Maumelle Police** employment, including but not limited to, the Fourth Amendment of the U.S. Constitution and was fully cognizant of Maumelle Police Departmental **(MPD)** policies, including those pertaining to limits of authority, internal investigations, employee complaints and disciplinary actions, biased based profiling, court appearances, functions, and responsibilities of departmental units, handling custody, use of excessive force, arrest procedures, employee misconduct and duty to report. Prosecutors and court officials were fully cognizant of constitutional rights, statutory laws, and internal office

guidelines that govern charging, discovery, and trial conduct. These operational frameworks ensure fairness, protect due process, and guide the daily exercise of legal discretion

At all relevant times, the agency involved, local city government and its municipality is permitted, independent and obligated to pay any tort or §1983 civil rights judgement for compensatory damages, actual damages, punitive damages, or costs for which any Local City Government employee, acting in the scope of his or her employment is found liable. Accordingly, the agency is an indemnification party regarding the acts and or omissions committed by **THORNTON and ET. Al**, and each of them, which the PLAINTIFF brings a claim herein.

**FACTUAL ALLEGATIONS**

**NOVEMBER 18, 2023----DOMENIQUE TAYLOR'S ENCOUNTER WITH MAUMELLE POLICE DEPARTMENT**

1. On 11/18/2023, Maumelle Police Department Patrol Officer Sidney M. Browndervillewas notified by dispatch of a woman at Kroger needing to make a report of a domestic violence situation that just transpired. Upon arrival, Sgt. Long and Sidney M. Browndervillemade contact with the woman officers were dispatched for. The individual stated that she and the Plaintiff, Domenique Taylor, got into an argument at The Plaintiff's residence.

2. While Maumelle Police officers were speaking with the woman who notified dispatch, Ofc. Ladd and Sgt. Belew spoke with the Plaintiff Domenique Taylor at her residence. It was alleged that based on the evidence and testimony gathered from both parties, both individuals were arrested on Domestic Battery-3rd degree. **(Ref. 23-1979-AR) MUC-23-192 and MUC-23-1983,** primarily due to "conflicting stories."

3. On 11/18/2023 at approximately 1346 hours, officers were dispatched to the Plaintiff's apartment community in reference to a domestic disturbance. When Ofc. Ladd and Sgt. Belew arrived; they made contact with Ms. Taylor, the occupant of the apartment. Officers reported "as I was walking into the apartment, I observed that the door had been kicked in while the deadbolt was engaged. Taylor had defensive wounds/scratches on her arms and upper chest. She was crying as she recounted how scared she was of the other involved party."

4. The Plaintiff advised officers that she and the other party were in an argument that morning, and it caused the other party to get very angry. Taylor stated that this individual began throwing things through the apartment, the Plaintiff's residence. The Plaintiff provided a video on her phone to the responding officers, showing them; the other party was carrying clothes and leaving the apartment.

5. As the other party was leaving, the Plaintiff was standing in the doorway when some type of argument started between them. According to Taylor, the other party turned back around, after she was heading towards the parking lot to leave, The Plaintiff closed and locked her door, and the other party returned and began kicking at the Plaintiff's front apartment door which this individual eventually kicked Ms. Taylor's apartment door in completely.

6. The Plaintiff reported that the other party kicked the door open before leaving the apartment. Ms. Taylor also showed officer's messages on her phone between her and the other party's mother, in which she stated she was so afraid of this individual that she could not fall asleep before her out of fear that she might hurt her. The Plaintiff expressed in the extensive messages that she could not continue living in fear and wanted this individual to leave.

7. The messages shown to officers by the Plaintiff were from the past three days. Sgt Long and Ofc Brownderville were at Kroger parking lot with the other party. As Ofc. Ladd and Sgt. Belew were leaving the apartment to go to Ofc Brownderville 's scene, they were approached by the leasing consultant from the front office. She advised that she had received a call in which an anonymous person said that a "man was beating a Woman" in front of the Plaintiff's apartment." The leasing agent provided officers with the number that called the Plaintiff's apartment community leasing office, and officers traveled to the other party at Kroger.

8. Ofc. Ladd advised Ofc Brownderville to contact the number that called to report the fight in front of the Plaintiff's apartment unit, and they discovered that other party placed the call and this individual did not disclose this information to Sgt Long and Ofc Brownderville. Sgt Long advised Ofc Brownderville to place the other party into custody. When officer's returned with Sgt Long to Ms. Taylor at her apartments, upon officer's arrival, Sgt Long advised the other officer's to also place the Plaintiff into custody due to "conflicting stories."

9. The Plaintiff was placed into custody and transported to Maumelle PD holding facility without incident. Upon arrival at MPD, a lethality assessment was completed, and she was given a court date of 1/23/2023 at 1300 hours. Both parties were issued no contact orders, and they were released on an OR bond and the Plaintiff was given a courtesy ride back to her apartment. Both parties were provided a Laura's Card as well.

10. When both parties were issued no contact orders, the no contact orders that were issued were not issued in front of a judge. The no contact orders were "pre-signed" orders with Judge Rita Bailey's signature photocopied on multiple documents.

11. Orders, warrants, and no-contact orders cannot be pre-signed because a judge's signature requires active, case-specific review of probable cause or evidence.

12. Pre-signing violates constitutional separation of powers, strips the judicial process of required neutrality, and renders the legal document void or legally indefensible.

**JANUARY 16, 2024----DOMENIQUE TAYLOR'S DRAFTED REQUEST FOR WAIVER OF COURT APPEARANCE EMAILED TO MAUMELLE DISTRICT COURT CLERK KATHY MADDEN**

1. On **January 16, 2024**, the Plaintiff emailed Maumelle City clerk Kathy Madden of the Maumelle District court a drafted motion for waiver of appearance. The Plaintiff had not been contacted by the public defender Andrew Vess and had not reviewed any evidence that was the result of the events that took place on **November 18, 2023.**

2. The Plaintiff emailed Maumelle District Court clerk Kathy Madden on 01/16/2024. Ms. Taylor notified the Maumelle District Court that she was without transportation, injured disabled and other limitations were preventing her from appearing in person.

3. The Plaintiff informed the Maumelle District Court clerk that she left messages and sent emails to her public defender Andrew Vess, and despite all of her attempts he did not return her messages or phone calls and her court date was approaching. This was her very first court appearance. Ms. Taylor requested the court to have Andrew Vess, the public defender to contact her. The Public defender never responded to the Plaintiff.

4. The Plaintiff emailed a pro se electronic drafted motion with a plea of not guilty and to waive her personal appearance to kmadden@maumelle.org on January 16, 2024. The motion was in pdf format, and two copies were sent. One prior to the Plaintiff's signature, and one without it.

5. The Maumelle District court clerk emailed the Plaintiff back on 01/24/2024 claiming that she presented Ms. Taylor's waiver of appearance to Hon. Judge Rita Bailey the previous day and advised Ms. Taylor that her case has been reset for the coming Tuesday,

January 30th, 2024 @1:00pm. The clerk also stated that the "Judge" is requiring her to appear in court, and she cannot sign a waiver of appearance. Case No. MUC-23-1983.

**JANUARY 30, 2024----CITY OF MAUMELLE FAILED TO PROVIDE REASONABLE ACCOMMODATIONS TO DOMENIQUE TAYLOR UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT.**

1. The Plaintiff notified both her public defender as well as the Maumelle District Court that she was disabled and did not have any transportation.

2. Ms. Taylor requested a remote zoom appearance in writing, in the event she was being deprived of a waiver of appearance, and representation; her request to appear remotely would prevent the courts from issuing a Failure to Appear warrant.

3. The Plaintiff spoke directly to the Maumelle District Court prosecutor, the Maumelle District Court clerk, as well as emailed her Public Defender at the time Andrew Vess, that she suffers from Bipolar depression and would need accommodations under the Title II of the Americans with Disabilities Act, such as a remote zoom appearance.

4. The other party involved in the domestic dispute did not suffer from any limitations, was not disabled, failed to also appear in person and hired private representation. The other party did not appear in court as well as Ms. Taylor and both cases were dismissed including the no contact order's as early as February 2024. Kathy Madden claimed that it was an "error" and that she "forgot" to update the court record to reflect that Ms. Taylor's no contact order was dropped as well as that her case was nolle prosed.

5. The Plaintiff was arrested by the Maumelle Police Department as well as the North Little Rock Police Department (NLRCR-24-1762) on a charge for a Domestic Battery Warrant, Violation of a No Contact Order, and Failure to Appear. The City of Maumelle failed to update their court records and also failed to accommodate Ms. Taylor under the Title II of the Americans with Disabilities Act, leading to four unlawful arrest, malicious prosecutions and wrongful imprisonment as a result of Andrew Thornton's malicious Prosecution.

6. This failure to accommodate the Plaintiff also led to the defendant Prosecutor Andrew Thornton denying a petition to seal the Ms. Taylor's record for FTA (failure to appear, domestic battery) out of Rita Bailey's court.

**AUGUST 3, 2024 –DOMENIQUE TAYLOR IS ARRESTED BY NORTH LITTLE ROCK POLICE DEPT AFTER OFFICER'S CLAIM THEY ALLEGEDLY CHECKED THE ACIC/NCIC DATABASE AND A NO CONTACT ORDER OUT OF MAUMELLE ARKANSAS CAME BACK FOR DOMENIQUE TAYLOR # 2024061606**

A. **Karl Sorrells, Dennis C. Dorrell, and Randy D. Flippin were all North Little Rock Police officers trained in police work, and each had access to the same computer systems and police software technology between May 29, 2024, to August 3, 2024.**

1. The arresting officer **KARL SORRELLS** claimed he "checked ACIC/NCIC" in his incident report # 2024061606 and a warrant and no contact order came back. During plea and arraignment Ms. Taylor discovered the jail staff officer who transported her to video court via zoom to the jails virtual court room at that PCRDF, the documentation the Plaintiff was being shown was being uploaded to the courts to purport an authentic "ACIC/NCIC report when it was not. There were no retroactive dates or names on the documentation that aligned with Sorrells claims. The data appeared to have been recently created and printed while Ms. Taylor was in jail custody.
2. These were manufactured records from **Andrew Thorton**, the Maumelle district court prosecutor in case MUC-23-1982 and MUC-23-1983. When NLR police officer's Randy D. Flippin and Dennis C. Dorrell were dispatched on May 29, 2024, they did not discover any active warrants or no contact orders according to **CFS REPORT CFS#-2024041783 NLR POLICE DEPT. PUBLIC SAFETY 9140 DISTURBANCE ALTERCATION AT 3801 MCCAIN PARK DR.AM NLR 72116.**

3. Karl Sorrells, Dennis C. Dorrell, and Randy D. Flippin were all North Little Rock Police officers trained in police work, and each had access to the same computer systems and software technology between May 29, 2024, to August 3, 2024. The only record of a No contact order the Plaintiff would have been issued that was entered into a government ACIC/NCIC database was sealed/expunged felony case **#60CR-08-5029** prosecuted by former Pulaski County prosecuting attorney Kelly Ward in the year 2008.

4. The Plaintiff was arrested on August 3rd, 2024, while visiting a long-term romantic partner located at 3801 McCain Park Dr. Apt. M. North Little Rock, Arkansas 72114. Both parties were previously arrested in November 2023 case MUC-23-1982 and MUC-23-1983 for Domestic Battery. All Charges were nolle prosequi against both parties as early as February 2024, and both no contact orders were dropped.

**FACTUAL ALLEGATIONS**

**A. <u>DOMENIQUE TAYLOR IS ARRESTED BY NLRPD AUGUST 3, 2024, CHARGED WITH VIOLATION OF A NO CONTACT ORDER OUT OF MAUMELLE & CONVICTED CASE NO NLRCRC-24-1762</u>**

1. The arresting officer **KARL SORRELLS** claimed he "checked ACIC/NCIC" in his incident report **# 2024061606** and a warrant and no contact order came back out of Maumelle.

2. The only State record of a **No contact order** the Plaintiff would have been issued that was entered into a government ACIC/NCIC database was sealed/ expunged felony case **#60CR-08-5029** prosecuted by former Pulaski County prosecuting attorney **Kelly Ward** in the year 2008 out of former Judge **Willard Proctor Jr**'s division.

3. When NLR police officer's **Randy D. Flippin** and **Dennis C. Dorrell** were dispatched on May 29, 2024, they did not discover any active warrants or no contact orders out of Maumelle according to **CFS REPORT CFS#-2024041783 NLR POLICE DEPT. PUBLIC SAFETY 9140 DISTURBANCE ALTERCATION AT 3801 MCCAIN PARK DR.AM NLR 72116.**

4. Karl Sorrells, Dennis C. Dorrell, and Randy D. Flippin were all North Little Rock Police officers trained in police work, and each had access to the same computer systems and software technology between May 29, 2024 to August 3, 2024.

5. Both parties in incident report MUC-23-1982 & MUC-23-1983 had no contact orders issued that were dropped in February 2024 when the cases were dismissed, after neither party pursued charges against each other, neither party appeared in court, and neither party requested for the state to continue with the prosecution or proceedings.

**B. <u>DOMENIQUE TAYLOR IS ARRESTED BY JOHN L. MCCLLEAN V.A. POLICE DEPARTMENT ON APRIL 13, 2026, AND DETAINED BY P.C.R.D.F AS A RESULT OF ANDREW THRONTON'S PROSECUTION'S.</u>**

1. The Plaintiff was detained by the V.A. Police Department on April 13, 2026, based on allegations that she made verbal threats by phone to the V.A. Staff **(4:26-cv-00724)**

2. The Plaintiff was prosecuted, and charges were trumped against her by two other jurisdictions on multiple occasions as a result of the events that took place in November 2023, March 2024, April 2024, August 2024, and April 2026 all resulting from Andrew Thronton's prosecution.

3. Federal V.A police officers acted as state actors when joining forces with local state and city police officers to verify a warrant that was allegedly out of North Little Rock and Maumelle.

4. Officer's including state, city, local, and federal officers invaded the Plaintiff's privacy while she was on a federal premise visiting her catastrophically disabled stepfather and conspired with other local joint law enforcement officers to misuse government databases in order to unlawfully arrest her.

5. Federal V.A. police officers were acting in their official/individual capacities when they began to enforce (as part of a joint task force, joint jurisdictions) Maumelle, North Little Rock, Little Rock, state or local government laws and used state authority to detain the Plaintiff **DOMENIQUE D TAYLOR** on **April 13, 2026.**

6. The Plaintiff has spent a total of 2500 hrs. in custody between Little Rock, Maumelle and North Little Rock's jurisdiction resulting from illegal arrests, fabricated evidence, and malicious prosecutions.

**MAUMELLE POLICE DEPT. CITY OF MAUMELLE, & ANDREW THRONTON FABRICATED EVIDENCE OF A NO CONTACT ORDER ON AUGUST 3, 2024, TO HAVE DOMENIQUE TAYLOR UNLAWFULLY ARRESTED BY NORTH LITTLE ROCK POLICE DEPARTMENT**

1. Maumelle authorities ET.AL created false documents by altering official records or inventing non-existent no-contact orders against the Plaintiff.

2. Maumelle authorities and ET. AL initiated criminal charges or enforced actions without probable cause and with malicious intent.

3. Maumelle authorities ET. AL deprived **DOMENIQUE TAYLOR** of a fair trial by withholding exculpatory truth or using known lies in case NLRC-24-1762 and MUC-23-1982.

4. Maumelle authorities ET.AL encouraged or coached witnesses to lie about the existence or breach of an order.

5. Maumelle authorities ET. AL deceived the judge through false exhibits or fraudulent testimony, and the prosecutor acted as an "investigator" before filing charges.

6. Maumelle authorities failed to turn over exculpatory evidence, tampered with evidence and knowingly presented false witness testimony or other false evidence to the court.

7. The Fourth Amendment and state laws mandate that a judge independently evaluate facts sworn in an affidavit before authorizing a search or arrest.

**ANDREW THORNTON, ANDREW VESS, KARL SORRELLS & HOWARD SCHWANDER CONSPIRE WITH MAUMELLE AND NORTH LITTLE ROCK POLICE OFFICER'S TO KNOWINGLY INPUT FALSE INFORMATION INTO OFFICIAL DOCUMENTS**

1. In April 2026, the Plaintiff was convicted of Violation of a No Contact order out of Maumelle in the North Little Rock District Court case number NLCRC-24-1762 on April 14, 2026.

2. The Plaintiff was convicted of violating a no contact order while in the custody of the Pulaski County Regional Detention Facility during her visit at the location 3801 McCain Park Dr, North Little Rock, Arkansas 72114.

3. Court Officials coerced the Plaintiff into pleading guilty to violating a no contact order in case NLCRC-24-1762 as leverage because she was in the custody of the jail and by pleading not guilty to all charges she would not have been released. She was forced to plead guilty.

4. NLRPD arresting officer **KARL SORRELLS** claimed he "checked ACIC/NCIC" in his incident report **# 2024061606** and a warrant and no contact order came back out of Maumelle in August 2024 that had been in effect since the year 2023 location 3801 McCain Park Dr, North Little Rock, Arkansas 72114 out of Andrew Thornton's jurisdiction.

5. The Plaintiff made contact with the NLRPD on May 29, 2024, at the same location 3801 McCain Park Dr, North Little Rock, Arkansas 72114 **CFS REPORT CFS#-2024041783 NLR POLICE DEPT. PUBLIC SAFETY 9140 DISTURBANCE ALTERCATION AT 3801 MCCAIN PARK DR.AM NLR 72116** and there were no "No contact orders" or "warrants that returned out of Maumelle.

6. Karl Sorrells, Dennis C. Dorrell, and Randy D. Flippin were all North Little Rock Police officers trained in police work, and each of them had access to the same NCIC/ACIC computer systems and software technology between May 29, 2024, to August 3, 2024.

7. North Little Police Department Officer's Dennis C. Dorrell, and Randy D. Flippin ran the Plaintiff's name, date of birth, and checked ACIC/NCIC on May 29, 2024, a warrant check was ran, as well as no contact order checks an neither returned for the Plaintiff.

8. North Little Rock Police Officer's Dennis C. Dorrell, and Randy D. Flippin transported the Plaintiff back home to her Little Rock residence as a courtesy on the night of May 29, 2024, without incident and did not locate any no contact orders or warrants that were allegedly in effect for a "year" out of Maumelle.

**ANDREW THORNTON ET.AL CONSPIRED TO DEPRIVE DOMENIQUE TAYLOR OF DUE PROCESS ON NOVEMBER 13, 2023, AUGUST 3, 2024, and APRIL 14, 2026, BY FABRICATING EVIDENCE**

1. The Defendant prosecutor and others were fully cognizant of constitutional rights, statutory laws, and internal office guidelines that govern charging, discovery, and trial conduct.

2. The Defendant and others deprived The Plaintiff of "life, liberty, or property, without due process of law" and at least one person in the group took steps to carry out the plan, such as signing a false affidavit or filing fraudulent charges.

3. The defendant made a secret agreement or plan to fabricate a "No Contact Order and Warrant" out of Maumelle with North Little Rock police officers in August 2024 and falsified probable cause of an arrest.

4. The Defendants' conduct acts as a severe form of official misconduct and malicious prosecution, and the prosecutor acted as a complaining witness and or did investigative work.

**COUNT ONE- 42 U.S.C § 1983 FABRICATION OF EVIDENCE/FALSIFYING PUBLIC RECORDS**

**ANDREW THORNTON** FOR FABRICATION OF EVIDENCE IN VIOLATION OF THE FOURTHTEENTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant officer initiated a malicious prosecution and fabricated evidence as reported by the plaintiff in her own words on August 3, 2024 & November 18, 2023

**ANDREW THORNTON** violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her Fifth and Fourteenth Amendment protection against fabricated evidence. It was clearly established in **August 2024** and **November 2023** that no citizen under the United States Constitution and Fourteenth Amendment have fabricated evidence used against them, manufactured or used to secure a criminal charge or conviction and violate a defendant's constitutional right to a fair trial. The prosecutor acted as an investigator by fabricating false evidence before filing charges.

It was clearly established in August 2024 and November 2023 that a police officer or prosecutor violates the Due Process Clause of the Fourteenth Amendment by knowingly fabricating

evidence against a criminal defendant and using that evidence to secure a conviction or deprive them of liberty.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT TWO- 42 U.S.C $ 1983 MALICIOUS PROSECUTION**

**ANDREW THORNTON** FOR MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant officer maliciously prosecuted her as reported by the plaintiff in her own words on August 3, 2024, and November 18, 2023.

ANDREW THORNTON violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her Fifth and Fourth Amendment protection against malicious prosecution.

Andrew Thorntons objectively unreasonable conduct was intentionally committed as an act of Retaliation and he initiated a criminal case without probable cause in an attempt to cover up his own reckless and indifferent conduct by placing blame on the PLAINTIFF when he was the actual wrongdoer and to silence her Request for redress.

It was clearly established in August 2024 and November 2023 under U.S. law, that a state actor who initiated a criminal prosecution without probable cause violates the Fourth Amendment and that no arrest shall take place but upon probable Cause and no prosecutor can manufacture arrests or convictions with fabricated evidence to secure wrongful arrests, malicious prosecutions, guilty pleas, or wrongful convictions.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT THREE- 42 U.S.C $ 1983 & 42 U.S.C.$ 1985 CONSPIRACY TO VIOLATE RIGHTS**

**ANDREW THORNTON** FOR CONSPIRACY TO VIOLATE RIGHTS IN VIOLATION OF THE FOURTHTEENTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant officer maliciously prosecuted her as reported by the plaintiff in her own words on August 3, 2024, and November 18, 2023.

**ANDREW THORNTON** violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her First and Fourteenth Amendment protection against conspiracy to violate rights.

Andrew Thorntons objectively unreasonable conduct was intentionally committed as an act of conspiring to deny due process or equal protection under the law in an attempt to cover up his own reckless and indifferent conduct by placing blame on the PLAINTIFF when he was the actual wrongdoer and to stop the PLAINTIFF from exercising her rights under the U.S. constitution as he Conspired with police officers to frame the PLAINTIFF, an innocent person by fabricating evidence to manufacture a wrongful conviction.

It was clearly established in August 2024 that no prosecutor may fabricate evidence against a citizen and conspire with police officers to secure a wrongful arrest and wrongful conviction.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT FOUR- 42 U.S.C § 1983 STATE LAW CLAIM**

VIOLATION OF ARKANSAS CIVIL RIGHTS ACT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor ET.AL maliciously prosecuted her as reported by the plaintiff in her own words On August 3, 2024, and November 18, 2023.

Law enforcement officers at ET. AL conduct on November 18, 2023, as previously described in this full detailed complaint violated the Arkansas Civil Rights Act and DOMENEQUE TAYLOR'S rights under the Arkansas State Constitution, including her protection against unlawful arrest, malicious prosecution, retaliatory arrest, right to equal protection and wrongful imprisonment.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT FIVE- 42 U.S.C § 1983 STATE LAW CLAIM**

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor ET.AL fabricated evidence, maliciously prosecuted, wrongfully imprisoned, and unlawfully arrested her as reported by the plaintiff in her own words on August 3, 2024, and or November 18, 2023.

Defendant **Andrew Thornton ET.AL** who are defendants in this case deliberately and Wantonly deviated from the Maumelle police department policies on probable cause arrest, investigations, and fabrication of evidence when they responded to the Plaintiff's residence on November 18, 2023.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT SIX- 42 U.S.C § 1983 STATE LAW CLAIM**

NEGLIGENCE

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor fabricated evidence, maliciously prosecuted, wrongfully imprisoned, and unlawfully arrested her as reported by the plaintiff in her own words on August 3, 2024, and November 18, 2023.

Prosecutor Andrew Thronton who is a defendant in this case was deliberately indifferent to Domenique Taylor's rights and protections under U.S. Constitution including but not limited to her Fourteenth Amendment protection for pre-trial detainees and arrestees in police custody and protection falls under the Due Process Clause. The Fourteenth Amendment protects via the Due Process Clause because detainees have not been convicted of a crime. The defendant prosecutor ET. AL was barred from using false or manufactured evidence to secure an indictment, trial, or conviction, as it corrupts the truth-seeking function of the judicial system.

Federal circuits and the Supreme Court recognize a distinct constitutional right not to be deprived of liberty or subjected to criminal charges based on fabricated evidence, extending beyond final conviction to the initiation of prosecution itself. ***McDonough v. Smith (2019)*****:** The U.S. Supreme Court affirmed that a claim for the fabrication of evidence under Section 1983 accrues and the statute of limitations begins once the criminal proceedings have terminated favorably in the defendant's favor.

**COUNT SEVEN- 42 U.S.C § 1983 MUNICIPAL LIABILITY; MONELL CLAIM**

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor and others were negligent, untruthful in their arrest report's, careless, abusive and willfully misrepresented the facts of the encounter with plaintiff DOMENIQUE TAYLOR on the morning of November 13, 2023, for the purpose of concealing prosecutorial misconduct, securing a wrongful conviction, fabricating evidence and escaping liability.

As a matter of policy, practice, or custom the municipality continuously tolerates this type of behavior and is therefore the moving spirit supporting the code of silence among police officer's errors, misconduct, fabrication of evidence and crimes. The tolerative practices of officers and prosecutors who lie during investigations, abuse their authority, misuse the NCIC database, invade civilian privacy, and then cover it up is a contributing factor for the misconduct to continue.

Due to the City of Maumelle and their police agency's failure of proper training, supervising, and leadership of its law enforcement officers, this failure demonstrates intentional disregard

of the rights of citizens within its jurisdiction. As a matter of policy, practice, and custom the municipality knowingly adopted a policy authorizing MPD police officer's and or prosecutors to fabricate evidence, and act as complaining witnesses, while simultaneously unlawfully accessing the NCIC database to falsify probable cause and secure wrongful convictions.

As a matter of policy, practice, or custom, the municipality has knowingly failed to train its law enforcement officers on how to avoid **(A)** Fabrication of evidence **(B)** When evidence Lawful and its use is permitted. **(C)** When evidence truly exists and the reason is not fabricated, **(D)** The seriousness of the allegations that is suspected. **(E)** How to properly collect evidence without fabricating it.

As a repercussion of certain administrative policies, customs, and practices the municipality enables prosecutors and police officers such as law enforcement defendant's, to deliberately abuse their position in law enforcement, misuse government databases, falsify probable cause, fabricate evidence, circumvent arrest procedures, make unlawful arrest and maliciously prosecute innocent civilians.

As a matter of policy, practice, or custom the municipality makes it easier for prosecutor's and law enforcements misconduct to go unchecked foregoing by failing to properly investigate, discipline and regulate previous occurrences of related conduct whereby directing prosecutor's and Maumelle police officers to assume their aberrant and culpable actions will more often than not never be truly investigated. Accordingly, the municipality will more than likely tolerate future occurrences of unlawful arrest, excessive force, fabricated evidence, wrongful imprisonment, and malicious Prosecutions.

## COUNT EIGHT- 42 U.S.C § 1983 & 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a). MUNICIPAL LIABILITY; VIOLATION OF THE TITLE II OF THE ADA

(Discrimination and Exclusion from Municipal Programs and Services)

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor fabricated evidence, maliciously prosecuted, wrongfully imprisoned, and unlawfully arrested her as reported by the Plaintiff in her own words on August 3, 2024, and November 18, 2023.

Prosecutor Andrew Thronton who is a defendant in this case was deliberately indifferent to Domenique Taylor's rights and protections under U.S. Constitution including but not limited to her rights and protections under Title II Americans with Disabilities Act.
The Plaintiff asserts that the municipality excluded her as a known qualified individual with a disability from participating in, or denied her the benefits of, its services, programs, or activities (e.g., court hearings, municipal defense proceedings) solely on the basis of disability. The municipality failed to grant a remote appearance accommodation which is a reasonable accommodation and typically breaks down into three core counts: (1) **Exclusion from/Denial of**

**Benefits of Public Services, Programs, or Activities** under 42 U.S.C. § 12132 and 28 C.F.R. § 35.130; (2) **Failure to Make Reasonable Modifications in Policies, Practices, or Procedures** under 28 C.F.R. § 35.130(b)(7); and (3) **Failure to Provide Effective Communication/Auxiliary Aids** under 28 C.F.R. § 35.160.

**42 U.S.C. § 12132**: mandates that qualified individuals with disabilities cannot be excluded from, denied benefits of, or discriminated against by any public entity and applies to all state and local governments, their agencies, and instrumentalities. A Qualified Individual is a person with a disability who meets the essential eligibility requirements for services or participation.

**COUNT NINE- 42 U.S.C S 1983 UNLAWFUL ARREST**

**MAUMELLE POLICE DEPARTMENT** FOR UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant officers initiated a malicious prosecution and fabricated evidence of a crime as reported by the plaintiff in her own words on November 18, 2023.

Maumelle Police Department violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her Fourth and Fourteenth Amendment protection against unlawful arrest. Sgt. Long ET.AL objectively unreasonable conduct was an intentional act, with willingness to proceed with that act, knowing the cause of arrest was influenced by their biases in order to willfully deprive the PLAINTIFF DOMENIQUE TAYLOR of life, liberty, and property and was callously indifferent to the rights of members of the public.

It was clearly established in November 2023 that no citizen protected under the U. S. constitution be maliciously deprived of their freedom and liberties by any law enforcement officer and the seizure is unconstitutional without probable cause or a warrant and evidence cannot be fabricated.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT TEN- 42 U.S.C S 1983 WRONGFUL IMPRISONMENT**

**MAUMELLE POLICE DEPARTMENT ET.AL** FOR WRONGFUL IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant officer wrongfully imprisoned (detained) her as reported by the plaintiff in her own words on November 18, 2023.

Sgt. Long and others violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her Fourth and Fourth Amendment protection against wrongful imprisonment.

Sgt. Long and others objectively unreasonable conduct was conscious and willful knowing they had biased reasons for the imprisonment, the evidence was fabricated, and the arrest was false in order to intentionally confine and imprison the Plaintiff for one's own Personal agenda.

It was clearly established in November 2023 that no arrest shall take place but upon probable Cause.

It was clearly established under tort law and is classified as an intentional tort and a person commits false imprisonment when he commits an act of restraint on another person which confines that person in a bounded area.

**COUNT ELEVEN- 42 U.S.C § 1983 RETALIATORY ARREST**

**ANDREW THORNTON** & **MAUMELLE POLICE DEPARTMENT** FOR RETALIATORY ARREST IN VIOLATION OF THE FOURTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor and others initiated a malicious prosecution and a retaliatory arrest as reported by The plaintiff in her own words on November 18, 2023, March 2024, and April 2024.

Andrew Thornton and others violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her First and Fourth Amendment protection against retaliatory arrest.

It was clearly established in November 18, 2023, March 2024, and April 2024 that no citizen under the United States Constitution and First Amendment may be retaliated against, intimidated, or harassed with baseless claims as a means to silence their right to freedom of speech or redress.

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**COUNT TWELVE- 42 U.S.C § 1983 DEPRIVATION OF DUE PROCESS**

**ANDREW THORNTON ET. AL** FOR DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT

PLAINTIFF hereby incorporates each statement in this complaint by restatement. The defendant prosecutor and others initiated a malicious prosecution, fabricated evidence, unlawfully arrested her, and deprived her of due process as reported by the plaintiff in her own words on November 18, 2023, March 2024, April 2024, and April 2026.

Andrew Thornton and others violated DOMENIQUE TAYLOR'S constitutional rights, including but not limited to her Fifth and Fourteenth Amendment protection against deprivation of due process.

It was clearly established in November 18, 2023, March 2024, and April 2024 that no citizen under the United States Constitution and Fourteenth Amendment may be deprived of due process, and the U.S. constitution Mandates adequate notice of intended government action, and that all citizens are given meaningful opportunity to be heard before a neutral arbiter, and Fourteenth Amendment of the U.S. Constitution, clearly established law dictates that the government cannot deprive any person of "life, liberty, or property, without due process of law".

The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

**CIVIL DAMAGES UNDER 42 U.S.C § 1983 &**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA)**

All defendants are liable for damages arising from **ANDREW THORNTON** ET., AL, reckless, untruthful, and intentional disregard for Ms. Domenique Taylor's constitutional rights under the U.S. Constitution and protections under the Title II of the Americans with disabilities Act. These intentional and deliberate deprivations led to Ms. Domenique Taylor experiencing multiple arrest including a 15-day incarceration on August 3, 2024, 18-day incarceration on April 13, 2026, and multiple arrests and detainments by the Maumelle Police Department while she was a resident of the City of Maumelle including other arrest by the V.A. Police Department, as well as North Little Rock Police Department currently still active in the year 2026.

The Plaintiff had been deprived of her property, liberty, and freedom on several occasions spanning over a 2.5-year period. Ms. Domenqiue Taylor's injuries and emotional distresses were caused by defendant's purposeful actions, biases, neglect, fabrication of evidence, falsified probable cause, abuse, carelessness, and lack of training, while all persons were acting as agents for the Local City government.

The defendants' conduct caused Ms. Taylor to suffer unnecessary humiliation, expenses, mental anguishes, pain, and emotional distress. As a result of the defendant's unlawful actions, Ms. Taylor was wrongfully convicted of criminal charges resulting from her arrest on August 3, 2024, in April 2026 out of North Little Rock District court while in custody of the PCRDF and as a result of Andrew Thornton's fabricated "No Contact order".

The Defendant and City of Maumelle Prosecutor **ANDREW THORNTON ET.AL,** including the municipality, showed deliberate indifferences toward the Plaintiff in which they knew she had federally protected rights and failed to protect those rights intentionally. Officials had notice of the Plaintiff's needs and discriminated against her intentionally. The Defendant Prosecutor had the power to correct the issue and chose not to he instead conspired to illegally have the

Plaintiff arrested repeatedly for similar charges, and to secure future offenses, malicious prosecutions, wrongful arrest as well as manufactured convictions by fabricating documents, records or evidence.

**WHEREFORE**, the Plaintiff respectfully requests that this court enter judgment in her favor and grant the following relief:

- An award for compensatory damages in the amount of **$12,000,000.00**
- An injunction ordering the defendant to stop the harmful action.
- An award for all reasonable fees and court costs.
- Any other and further relief that the court deems just and proper

**JURY TRIAL DEMANDED PLAINTIFF HEREBY DEMAND A TRIAL BY JURY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38 B. ON ALL ISSUES THAT ARE LITIGABLE.**

**Respectfully submitted,**

Domenique Taylor

**DOMENIQUE D. TAYLOR** (Plaintiff)

Today's Date: August 9, 2026

**August 6, 2026.**

DOMENIQUE D. TAYLOR
1801 Champlin Drive Apt #308
Little Rock, Arkansas 72223